UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RODRICK LARONE DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 1:05-CV-246 TS |
| vs. | ) |
| | ) |
| ALLEN COUNTY SHERIFF, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Rodrick Larone Davis, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Among the 29 pages of his complaint and its attachments, Mr. Davis persists in his allegation that his ex-wife and her family are involved in a conspiracy with Allen County and its employees. He persist that the basis for this conspiracy arises from the Teutonic heritage of its participants.[1] In addition, Mr. Davis submitted a newspaper article about budget shortfalls at the Indiana Department of Transportation on which he wrote[2]:

> This is what the true problem is I believe. Every time Allen Co. has financial short falls in funds, they take advantage of me. For in 2002 it was reconstruction of the Co. jail. Allen County being the size city it is. Is to fund its own highways I'm sure . . . the problem may lie here. I'm sure this is why they take advantage of me and the lawsuits I file.

(Attach. Compl. at 14, docket # 1.)

Mr. Davis states, "I'm only very upset emotionally and mentally for this conspiracy breaking up what I thought was my family." (Compl. at 10, docket # 1.) "I'm legally disabled physically and have a split personality disorder from a coma and multiple brain trauma I suffered from in 1990 and gun shot in 1997." (Attach. Compl., docket # 1 at 24.)

Even on the face of the complaint, Mr. Davis's claims lack foundation. His allegations that Allen County and its employees with German surnames are involved in a conspiracy with his ex-wife and her family to take advantage of Mr. Davis whenever the county encounters financial difficulties are so incredible that the dismissal of the complaint is warranted. *Cf. Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000), and *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 774 (7th

---

[1] "Pat Kite felt free to tell me her maiden name is German as my ex-in-laws is." (Compl. at 12, docket # 1.)

[2] The note is partially illegible.

Cir. 2002) (stating that some suits, where the facts alleged in the complaint are inconceivable, maybe dismissed without an evidentiary hearing to determine their truth or falsity.).

For the foregoing reasons, this complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED on August 16, 2005.

    S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT